UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DION WRENN,

    Plaintiff,

v.                                      Case No:   8:15-cv-1513-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

This cause is before the Court on Plaintiff, Dion Wrenn's Complaint (Doc. 1) filed on June 26, 2015. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On February 24, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits, asserting an onset date of July 31, 2009. (Tr. at 83, 170-73). Plaintiff's application was denied initially on May 16, 2014, and on reconsideration on July 29, 2014. (Tr. at 83, 98). A hearing was held before Administrative Law Judge ("ALJ") Angela L. Neel on December 22, 2014. (Tr. at 38-72). The ALJ issued an unfavorable decision on December 31, 2014. (Tr. at 19-32). The ALJ found Plaintiff not to be under a disability from July 31, 2009, through the date of the decision. (Tr. at 32).

On April 24, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-3). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on June 26, 2015. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 15).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through June 30, 2015. (Tr. at 21). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2009, the alleged onset date. (Tr. at 21). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity; degenerative disk disease of the lumbar spine; peripheral neuropathy; bilateral carpal tunnel syndrome; right cubital tunnel syndrome; degenerative joint disease of the right shoulder, status post rotator cuff surgery; and a history of colon cancer, status post resection and chemotherapy, current in remission. (Tr. at 21). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. at 24). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform less than the full range of light work, finding Plaintiff: unable to perform overhead work activities with the right upper extremity; can occasionally push or pull with the right upper extremity; cannot climb ladders or scaffolds, kneel or crawl; can occasionally climb ramps or stairs; and cannot work around unprotected heights, around hazardous moving mechanical parts or operating motor vehicles. (Tr. at 25).

The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. at 30). Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 31). Specifically, the ALJ found that Plaintiff was able to perform the following jobs: (1) ticket taker, DOT # 344.677-010, SVP 2; (2) ticket seller, DOT # 211.467-030, SVP 2; and (3) survey worker, DOT # 205.367-054, SVP 2.[2] The ALJ concluded that Plaintiff was not under a disability from July 31, 2009, through the date of the decision. (Tr. at 32).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole,

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff raises two issues. As stated by Plaintiff, they are:

(1) The ALJ's decision was in error in that the ALJ did not fully comply with Social Security Ruling 96-6p.

(2) The ALJ's decision was in error in relying on a response by the vocational expert to an incomplete hypothetical.

(Doc. 20 at 5, 7). The Court will discuss each issue in turn.

**A.  Weight of the evidence**

Plaintiff argues that the ALJ erred in failing to comply with SSR 96-6p by omitting in Plaintiff's RFC several limitations found by Frank Walker M.D., a medical advisor to the State Disability Determination Service. (Doc. 20 at 6). Even though the ALJ gave great weight to the opinion of Dr. Walker, Plaintiff argues that the ALJ failed to limit Plaintiff's ability to reach in front or laterally on the right side, and failed to include that Plaintiff should avoid even moderate exposure to noise, concentrated exposure to extreme cold and heat, and even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (Doc. 20 at 6). The Commissioner responds that the ALJ considered Dr. Walker's opinion, determined the weight of that opinion, and then considered it along with the other evidence of record to reach an appropriate determination of Plaintiff's RFC.

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and, based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

The determination of a claimant's RFC is within the authority of the ALJ and, along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* at 1179 (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). Even though examining doctors' opinions are not entitled to deference, nevertheless, an ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 3:08-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

On July 29, 2014, Dr. Walker completed a Residual Functional Capacity form. (Tr. at 93-95). Dr. Walker was a non-examining, consultative physician. (Tr. at 93-95). After reviewing Plaintiff's records as to Plaintiff's ability to use his right arm, Dr. Walker found that Plaintiff's ability to reach in any direction including overhead was limited on the right side. (Tr.

at 94). Dr. Walker made a specific note that this limitation included reaching in front and/or laterally as well as overhead on the right side. (Tr. at 94). Later in his report, Dr. Walker explained the limitation with the right arm was due: (1) to rotator cuff surgery in 2007; and (2) to Plaintiff's complaints of tenderness and a decreased range of motion. (Tr. at 94). Dr. Walker continued with his explanation by writing, "[r]eaching overhead to including [sic] overhead is reduced to frequently." (Tr. at 94). As to environmental limitations, Dr. Walker also found that Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, and noise; and avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation due to Plaintiff's history of migraine headaches. (Tr. at 95). Dr. Walker's assessment concluded that Plaintiff is capable of performing light work and is not disabled. (Tr. at 96).

In the decision, the ALJ considered Dr. Walker's report. (Tr. at 30). The ALJ noted that Dr. Walker concluded that Plaintiff was able to perform the requirements of light work. (Tr. at 30). The ALJ gave great weight to Dr. Walker's opinion. (Tr. at 30). The ALJ noted that although Dr. Walker was a non-examining physician and is not entitled to as much weight as an examining or treating physician, the ALJ found Dr. Walker's opinion deserved weight, especially in light of the record as a whole. (Tr. at 30).

The ALJ carefully considered Dr. Walker's opinion and findings. The ALJ stated the weight she afforded Dr. Walker's opinion and the reasons why she afforded it great weight. The ALJ also noted that even though she gave great weight to Dr. Walker's opinion, based on the record as a whole, the ALJ decided not to adopt all of the limitations found by Dr. Walker. (Tr. at 30). While the ALJ found Plaintiff not as limited in certain areas as Dr. Walker's findings, the ALJ also found Plaintiff to have slightly greater restrictions than Dr. Walker found in other areas. To make these determinations, the ALJ considered the record as a whole, including the

testimony of Plaintiff at the hearing. (Tr. at 30). After this consideration, the ALJ found that Plaintiff was unable to perform jobs requiring overhead work activities with the right upper extremity; and was limited to occasionally pushing or pulling with the right upper extremity. (Tr. at 25). Clearly, the ALJ considered Plaintiff's limitations as to his right arm when finding Plaintiff to be unable to perform jobs requiring reaching overhead, and requiring more than occasionally being able to push or pull.

As to environmental limitations, the ALJ found that Plaintiff had no limitations. (Tr. at 25). Dr. Walker based his finding of environmental limitations on Plaintiff's complaints of migraine headaches. The ALJ found that since the alleged onset date, Plaintiff's complaints of the frequency of the migraine headaches was not supported by the record. (Tr. at 22). The ALJ noted that Plaintiff only complained of migraine headaches periodically, Plaintiff was not hospitalized for this condition, and Plaintiff's headaches did not preclude Plaintiff from performing activities of daily living, such as attending college courses and working part-time at a school. (Tr. at 22). Further, the ALJ indicated that Plaintiff's military records showed that his headaches were satisfactorily treated with medications. (Tr. at 22).

The ALJ determined Plaintiff's RFC from reviewing the entire record. Even though the ALJ afforded Dr. Walker's opinion great weight, the ALJ was not required to adopt all of Dr. Walker's limitations. Rather, the ALJ was required to consider all of the medical and other evidence of record, including Plaintiff's daily activities, in formulating Plaintiff's RFC. The Court finds that the ALJ did not err in failing to include all of Dr. Walker's limitations in Plaintiff's RFC. Therefore, the decision of the ALJ was supported by substantial evidence.

### B. Hypothetical

Plaintiff argues that in the hypothetical presented to the vocational expert, the ALJ erred in failing to include the limitations found by Dr. Walker of being limited to reaching in front and/or laterally, and avoiding even moderate exposure to noise. The Commissioner responds that the ALJ provided a hypothetical that included Plaintiff's age, education, and work experience as well as all of the limitations found by the ALJ in the RFC.

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a vocational expert to determine whether there a jobs that exist in the national economy that a claimant can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). However, an ALJ is not required to "include the findings in the hypothetical that the ALJ has found to be unsupported." *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 903 (11th Cir. 2012) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004)).

The ALJ presented a hypothetical to the vocational expert that included no overhead work activity with the right upper extremity; occasional pushing and pulling with the right upper extremity; and no environmental limitations. (Tr. at 69). In this case, the ALJ included the limitations found in Plaintiff's RFC when presenting a hypothetical to the vocational expert. The ALJ did not find that Plaintiff was limited to reaching in front or laterally and did not find that

9

Plaintiff should avoid exposure to noise.  The ALJ was not required to include limitations that were not supported by the record.  The Court finds that the ALJ did not err when presenting the hypothetical to the vocational expert.  Therefore, the Court finds that the ALJ's decision was supported by substantial evidence.

### III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 16, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties